UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELLE NGUYEN, *et al.*,

                    Plaintiffs,

        v.

MERCER ISLAND BOYS BASKETBALL
BOOSTER CLUB,

                    Defendant.

CASE NO. 2:24-cv-01990-RSL

AMENDED ORDER GRANTING IN
PART MIBBBC'S AND DISMISSED
INDIVIDUALS' MOTION FOR
PROTECTIVE ORDER

        This matter comes before the Court on "Defendant MIBBBC's and Dismissed Individuals' Motion for Protective Order." Dkt. # 11. Mercer Island Boys Basketball Booster Club ("MIBBBC") and three witnesses from whom discovery has been sought request an order limiting the scope of discovery to information that is relevant to plaintiffs' sole remaining claim, precluding service of interrogatories and/or requests for production on non-party witnesses, preventing plaintiffs from serving additional written interrogatories on MIBBBC without leave of Court, requiring that the depositions of the non-party witnesses be conducted via Zoom, and awarding the reasonable attorney's fees and costs for bringing this motion.

        The Court, having reviewed the memoranda, declarations, and exhibits submitted by the parties, including plaintiffs' unauthorized second opposition (Dkt. # 18) and supplemental response (Dkt. # 19), finds as follows:

**A. Scope of Discovery**

The only remaining claim in this litigation is a defamation claim against MIBBBC. All discovery in this case shall be aimed at – and limited to – that claim, which is based on the following factual allegations:

> In November of 2023, Issaquah Basketball Booster Club Coach Cornelius Bomet contacted Plaintiff Elle Nguyen and informed her that [MIBBBC] had contacted multiple Eastside Traveling League youth basketball teams around the Eastside of Seattle and surrounding cities and falsely told their staff that Plaintiff Elle Nguyen was disruptive at games, attending games without her children present, and advised them not to allow her children to join their teams.

Dkt. # 1 at ¶ 3.31. Discovery shall focus on the who, what, where, and when of the allegedly defamatory statements, such as what Mr. Bomert and/or the Eastside Traveling League teams were told, who at MIBBBC made the allegedly defamatory statements, what the speaker(s) said, and when they said it. The parties may also conduct discovery to determine whether the allegedly defamatory statements were true or otherwise privileged.

There is no reason to, and plaintiffs may not, delve into the decision(s) to exclude A.A. and G.A. from the basketball teams, the events of August through October 2022, or the damages arising therefrom. Plaintiffs were unable to allege facts sufficient to raise a plausible inference that MIBBBC could be held liable for breach of a contract or promise, negligence, intentionally or negligently inflicting emotional distress on plaintiffs, or engaging in race-based discrimination in violation of federal or state law. Those claims were all dismissed more than a year ago, *Nguyen v. MIBBBC*, No. 2:24-cv-00855-RSL, Dkt. # 48 (W.D. Wash. Dec. 6, 2023), and any information gained from inquiring about them would be irrelevant to the sole remaining defamation claim. Discovery regarding these matters or events is beyond the scope of permissible discovery and is prohibited.

AMENDED ORDER GRANTING IN PART MIBBBC'S AND
DISMISSED INDIVIDUALS' MOTION FOR PROTECTIVE
ORDER - 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

### B. Discovery from Non-Party Witnesses

All claims against Rebecca Robinson, Karen Friedman, and Kelly Coochise have been dismissed, *Nguyen v. MIBBBC*, No. 2:24-cv-00855-RSL, Dkt. # 48 (W.D. Wash. Dec. 6, 2023), because plaintiffs were unable to allege any facts suggesting that these individuals could be held liable under any of the theories asserted. When plaintiffs moved to amend their complaint, they specifically dropped all claims against these individuals. Dkt. # 52-1 (striking Ms. Robinson, Ms. Friedman, and Mr. Coochise from the caption and deleting all claims asserted against them). The Court's order granting leave to add a defamation claim against MIBBBC in no way reinstated the previously dismissed claims against these individuals. Because Ms. Robinson, Ms. Friedman, and Mr. Coochise are not parties to this litigation, they are not subject to the discovery mechanisms that apply only to parties, such as Fed. R. Civ. P. 33 and 34.

### C. Limits on Interrogatories

"Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a). On or about January 16, 2025, plaintiffs served on MIBBBC their first set of discovery requests, consisting of 25 interrogatories and associated requests for production. Dkt. # 12-1. Plaintiffs may not, therefore, serve any additional interrogatories without leave of Court (or the written agreement of MIBBBC).

### D. Depositions by Remote Means

Ms. Robinson, Ms. Friedman, and Mr. Coochise request that the Court exercise its discretion under Fed. R. Civ. P. 30(b)(4) to require that their depositions be taken by remote means, namely via Zoom. The witnesses identify unpleasant and hostile interactions they have had with plaintiff Elle Nguyen since the fall of 2022 and provide copies of social media posts in which Ms. Nguyen publicly disparages or vaguely threatens them.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Plaintiffs oppose remote depositions on a number of grounds, each of which has been considered by the Court. It is hereby ORDERED that the depositions of Ms. Robinson, Ms. Friedman, and Mr. Coochise will be taken on Wednesday, March 26, 2025, in Courtroom 15128 of the United States Courthouse, 700 Stewart Street, Seattle, WA 98101, in the presence of the undersigned. The first deposition will start at 1:30 pm, the second at 2:00 pm, and the third at 2:30 pm. If the deposition date and/or times are not convenient, the parties shall immediately contact the judicial assistant, Teri Roberts, at 206-370-8810 to reschedule.

In their reply memorandum, the movants request that the depositions of any MIBBBC-affiliated individual be conducted by remote means. There is no evidence regarding plaintiffs' relationship or interactions with these unnamed individuals. The Court declines to issue a blanket order requiring remote depositions.

**E. Attorney's Fees**

The movants and plaintiffs have requested an award of attorney's fees associated with filing and responding to the motion for protective order. Rule 26(c) authorizes motions for protective order and provides that Rule 37(a)(5) applies to an award of expenses in that context. Fed. R. Civ. P. 26(c)(3). In general, Rule 37(a) provides that the winning side in a discovery dispute is entitled to an award of the reasonable expenses incurred in filing or opposing the discovery motion unless (a) the motion or response was substantially justified or (b) other circumstances make an award of expenses unjust.

Neither party prevailed with regards to the remote deposition issue, the Court having adopted a compromise resolution. The movants are the prevailing parties with regards to the other discovery disputes, however, and may be entitled to an award of fees and costs on those issues. Plaintiffs' request for an award of fees is DENIED.

In three important respects, plaintiffs' positions were not reasonable or justified. First, the scope of this litigation and discovery is limited to the defamation claim described

AMENDED ORDER GRANTING IN PART MIBBBC'S AND
DISMISSED INDIVIDUALS' MOTION FOR PROTECTIVE
ORDER - 4

1

2
in ¶ 3.31 of the Complaint. The Court has attempted to make that clear, and defense

3
counsel has consistently reiterated the limited scope of this litigation. Plaintiffs' insistence

4
that they can continue to pursue discovery related to claims that have been dismissed under

5
the guise of "background" or "foundation" is erroneous and unreasonable. Second, the

6
Court dismissed all claims against Ms. Robinson, Ms. Friedman, and Mr. Coochise, and

7
plaintiffs' proposed amended complaint expressly deleted them and all allegations against

8
them. These individuals are no longer defendants, no longer parties, and not subject to the

9
discovery mechanisms of Rules 33 and 34. Again, plaintiffs' insistence on treating them as

10
defendants despite the procedural history of this case and their own proposed amendments

11
to the complaint is unjustified. Third, the very first subsection of Rule 33 clearly states that

12
only 25 interrogatories can be served on any other party. Plaintiffs have offered no

13
explanation or justification for their attempt to serve - and continued threats to serve - a

14
second set of interrogatories on MIBBBC that would exceed the specified limit.

15
        Nevertheless, the Court declines to award fees against plaintiffs at this juncture in

16
light of "other circumstances." While their positions on three of the four disputes at issue

17
in this motion were not substantially justified, plaintiffs are proceeding pro se and will be

18
given another chance to comply with the governing rules of civil procedure and the Court's

19
prior orders. If plaintiffs continue to pursue irrelevant discovery regarding the dismissed

20
claims, continue to identify or treat Ms. Robinson, Ms. Friedman, and/or Mr. Coochise as

21
defendants, or serve additional interrogatories on MIBBBC without its agreement or the

22
Court's permission, the reasonable fees associated with this motion for protective order

23
plus any additional fees incurred in curbing plaintiffs' conduct will be awarded.

24

25

26

AMENDED ORDER GRANTING IN PART MIBBBC'S AND
DISMISSED INDIVIDUALS' MOTION FOR PROTECTIVE
ORDER - 5

For all of the foregoing reasons, the motion for protective order (Dkt. # 11) is GRANTED in part.

Dated this 11th day of March, 2025.

*Robert S Lasnik*
Robert S. Lasnik
United States District Judge