UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELLE NGUYEN, *et al*., <br><br> Plaintiffs, <br><br> v. <br><br> MERCER ISLAND BOYS BASKETBALL BOOSTER CLUB, <br><br> Defendant. | CASE NO. 2:24-cv-01990-RSL <br><br><br> ORDER DENYING MOTION TO EXTEND DISCOVERY DEADLINE |

This matter comes before the Court on "Plaintiffs' Motion to Extend Time Pursuant to CR 6(b) on Newly Discovered Material." Dkt. # 27. Plaintiffs request an extension of the discovery deadline on the grounds that they discovered new information relevant to their defamation claim on October 3, 2024, and that they have had trouble scheduling the depositions of three witnesses affiliated with defendant. Dkt. # 27 at 3.[1] Having reviewed the memoranda and declaration submitted by the parties, including plaintiffs' supplemental submission (Dkt. # 35), the Court finds as follows:

Under Fed. R. Civ. P. 16(b)(4), case management deadlines established by the Court "may be modified only for good cause and with the judge's consent." Rule 16 was amended in 1983 to require scheduling orders that govern pre-trial as well as trial

---

[1] Plaintiffs also mention that Ms. Nguyen encountered medical issues in December 2024 and February 2025 (Dkt. # 31 at 3 and Dkt. # 27 at 3, respectively), but neither event seems to have resulted in a prolonged or substantial incapacity.

ORDER DENYING MOTION TO EXTEND DISCOVERY
DEADLINE - 1

procedures. The purpose of the change was to improve the efficiency of federal litigation: leaving the parties to their own devices until shortly before trial was apparently costly and resulted in undue delay. Under the 1983 amendment, once a case management schedule issues, changes will be made only if the movant shows "good cause."

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met with the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment) ....

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). *See also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002) (where plaintiff fails to "demonstrate diligence in complying with the dates set by the district court" good cause is not shown).

The deadline for completing discovery was March 9, 2025. That date was set in December 2024, a few weeks after plaintiffs were granted leave to amend their complaint to add a defamation claim against MIBBBC. Whatever new information plaintiffs discovered in October 2024 cannot justify an extension of a discovery deadline that was established two months later. Nor does the fact that plaintiffs have diligently pursued discovery from three MIBBBC witnesses[2] excuse their failure to serve discovery on other third parties of whom they have been aware for almost six months.

Plaintiffs have not shown that they could not, with diligence, have met the discovery deadline. The deadline for filing motions for summary judgment is April 8, 2025, and the extension plaintiffs are requesting would interfere with that date and the remainder of the case management schedule. MIBBBC has been in litigation with

---

[2] The Court has, as plaintiffs acknowledge in their "Notice on Discovery" (Dkt. # 37), granted a limited extension of the discovery deadline to complete the depositions of the three MIBBBC witnesses.

ORDER DENYING MOTION TO EXTEND DISCOVERY
DEADLINE - 2

plaintiffs for over a year and a half at this point and would be prejudiced by further delay in the absence of good cause. Plaintiffs' motion for an extension of the discovery deadline is therefore DENIED.

Dated this 2nd day of April, 2025.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO EXTEND DISCOVERY DEADLINE - 3