UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELLE NGUYEN, *et al*.,

        Plaintiffs,

    v.

MERCER ISLAND BOYS BASKETBALL BOOSTER CLUB,

        Defendant.

CASE NO. 2:24-cv-01990-RSL

ORDER DENYING MOTION FOR RECONSIDERATION

    This matter comes before the Court on plaintiffs' "Motion for Reconsideration on Extension of Time for Newly Discovered Evidence." Dkt. # 46. On April 2, 2025, the Court denied a motion to reopen discovery, finding that neither the discovery of new information in October 2024 nor plaintiffs' difficulties in scheduling three MIBBBC-related depositions constituted "good cause" for purposes of Fed. R. Civ. P. 6(b)(4). Dkt. # 44. Plaintiffs seek reconsideration of that ruling.

    "Motions for reconsideration are disfavored" in this district, and "will ordinarily [be denied] in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1). Plaintiff has not shown manifest error in the Court's lack-of-good-cause determination. Plaintiffs had months following the October 2024 disclosures to investigate and complete discovery prior to the March 9, 2025, deadline, and

their failure to note the depositions of third-party witnesses during that five-month period cannot be explained by their focus on other witnesses.

Plaintiffs' insistence that they should be permitted to reopen discovery even in the absence of good cause because they are *pro se* is not well-taken. While technical pleading requirements will be waived given a *pro se* litigant's lack of legal training, a *pro se* litigant is bound by the procedural rules and deadlines governing litigation, particularly where the requirements are simple and straightforward. There is nothing legally or factually complicated about a discovery deadline. When plaintiffs accused MIBBBC of defamation, they were given months to discover evidence to support the claim. Plaintiffs' failure to do so within the time allotted need not be overlooked or remedied simply because they are representing themselves.

For all of the foregoing reasons, plaintiffs' motion for reconsideration is DENIED.

Dated this 4th day of April, 2025.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION - 2