UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELLE NGUYEN, *et al.*, | CASE NO. 2:24-cv-01990-RSL |
| Plaintiffs, | |
| v. | |
| MERCER ISLAND BOYS BASKETBALL BOOSTER CLUB, | ORDER |
| Defendant. | |

    This matter comes before the Court on plaintiffs' second motion for appointment of counsel. Dkt. # 62. The motion is denied. Ms. Nguyen's evidence of a medical crisis that impairs her ability to represent herself and her children is unpersuasive, consisting of no more than evidence that she has been seen by doctors on certain dates. Her ability to reason, write, and articulate arguments in the legal setting does not appear to be lacking in any way, *see* Dkt. # 57, and introducing a new attorney at this point in the litigation would have an adverse and significant impact on the efficient and prompt resolution of this case.

ORDER - 1

The circumstances of this case are not extraordinary and do not warrant appointment of counsel.[1]

DATED this 14th day of May, 2025.

Robert S. Lasnik
United States District Judge

---

[1] The Ninth Circuit advised in *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009):

> Generally, a person has no right to counsel in civil actions. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Neither of these considerations is dispositive and instead must be viewed together. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

ORDER - 2