1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELLE NGUYEN, *et al.*,

               Plaintiffs,

     v.

MERCER ISLAND BOYS BASKETBALL
BOOSTER CLUB,

               Defendant.

CASE NO. 2:24-cv-01990-RSL

ORDER DENYING MOTION TO
COMPEL AND AWARDING
SANCTIONS

     This matter comes before the Court on plaintiffs' motion to compel defendant

MIBBBC to supplement its responses to their first set of discovery requests. Dkt. # 52.

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, as

well as the remainder of the record, the Court finds as follows:

## BACKGROUND

     The discovery requests at issue were served in January 2025 and prompted

MIBBBC to request a protective order limiting the scope of discovery to information

relevant to plaintiffs' sole remaining claim. The Court granted the request, finding that:

1

2

The only remaining claim in this litigation is a defamation claim against
MIBBBC. All discovery in this case shall be aimed at – and limited to – that
claim, which is based on the following factual allegations:

3

4

5

6

7

8

> In November of 2023, Issaquah Basketball Booster Club Coach
> Cornelius Bomet contacted Plaintiff Elle Nguyen and informed
> her that [MIBBBC] had contacted multiple Eastside Traveling
> League youth basketball teams around the Eastside of Seattle
> and surrounding cities and falsely told their staff that Plaintiff
> Elle Nguyen was disruptive at games, attending games without
> her children present, and advised them not to allow her
> children to join their teams.

9

10

11

12

Dkt. # 1 at ¶ 3.31. Discovery shall focus on the who, what, where, and when
of the allegedly defamatory statements, such as what Mr. Bomert and/or the
Eastside Traveling League teams were told, who at MIBBBC made the
allegedly defamatory statements, what the speaker(s) said, and when they
said it. The parties may also conduct discovery to determine whether the
allegedly defamatory statements were true or otherwise privileged.

13

14

15

16

17

18

19

20

There is no reason to, and plaintiffs may not, delve into the decision(s) to
exclude A.A. and G.A. from the basketball teams, the events of August
through October 2022, or the damages arising therefrom. Plaintiffs were
unable to allege facts sufficient to raise a plausible inference that MIBBBC
could be held liable for breach of a contract or promise, negligence,
intentionally or negligently inflicting emotional distress on plaintiffs, or
engaging in race-based discrimination in violation of federal or state law.
Those claims were all dismissed more than a year ago, *Nguyen v. MIBBBC*,
No. 2:24-cv-00855-RSL, Dkt. # 48 (W.D. Wash. Dec. 6, 2023), and any
information gained from inquiring about them would be irrelevant to the sole
remaining defamation claim. Discovery regarding these matters or events is
beyond the scope of permissible discovery and is prohibited.

21

22

Dkt. # 24 at 2. Plaintiffs argued at the time that they were entitled to pursue discovery

23

related to the dismissed claims as "background" or "foundation" for the defamation claim.

24

The argument was rejected as erroneous and unreasonable. Dkt. # 24 at 5.

25

26

ORDER DENYING MOTION TO COMPEL AND
AWARDING SANCTIONS - 2

In late January 2025, plaintiffs served a second set of interrogatories that were much narrower and focused primarily on facts and issues relevant to the defamation claim. Dkt. # 61 at 7-16. Those requests were stricken, however, because they exceeded the limits imposed by Fed. R. Civ. P. 33(a). Dkt. # 24 at 3. Discovery closed shortly after the Court granted MIBBBC's motion for protective order and struck the second set of interrogatories. Plaintiffs filed a motion to reopen discovery so that they could gather documents from and depose third-party witnesses. Dkt. # 27. Although discovery had been extended so that plaintiffs could complete three depositions that were noted prior to the close of discovery, the motion to reopen for the purpose of initiating third-party discovery was denied, as was the related motion for reconsideration. Dkt. # 44 and # 48.[1]

On April 14, 2025, plaintiffs filed this motion to compel responses to their first set of discovery requests, the same ones that had prompted MIBBBC's motion for protective order. Plaintiffs argue that the requests are reasonably related to the defamation claim and that supplemental responses should be compelled. MIBBBC asserts that the motion is untimely, that the parties did not meet and confer prior to its filing, that MIBBBC provided full and complete responses to the few discovery requests that relate in some way to the defamation claim, and that plaintiffs should be sanctioned for continuing to pursue discovery beyond the scope of this litigation and in violation of the Court's prior orders.

---

[1] The discovery deadline had previously been extended for the limited purpose of completing three depositions that had been noted prior to the close of discovery.

ORDER DENYING MOTION TO COMPEL AND
AWARDING SANCTIONS - 3

1

2

### DISCUSSION

**A. Timeliness of the Motion**

Plaintiffs' motion to compel is untimely and is therefore DENIED on that ground.

Pursuant to LCR 16(b)(3), "[a]ny motion to compel discovery shall be filed and served on

or before the discovery deadline or as directed by court order." Discovery closed in this

matter on March 9, 2025, and this motion was not filed until five weeks later.

**B. Meet and Confer Requirement**

There is no indication that the parties met and conferred regarding the first set of

discovery requests and/or MIBBBC's objections thereto before plaintiffs filed their

motion. A motion to compel:

> must include a certification, in the motion or in a declaration or affidavit, that
> the movant has in good faith conferred or attempted to confer with the
> person or party failing to make disclosure or discovery in an effort to resolve
> the dispute without court action. The certificate must list the date, manner,
> and participants to the conference. If the movant fails to include such a
> certification, the court may deny the motion without addressing the merits of
> the dispute. A good faith effort to confer with a party or person not making a
> disclosure of discovery requires a face-to-face meeting or a telephone
> conference.

LCR 37(a)(1). Plaintiffs' vague assertion that they "repeatedly notified defendant of the

deficiencies" in its discovery responses is insufficient to satisfy LCR 37(a)(1), and their

claim that conferral would have been futile is unsupported. The meet and confer

requirements of Fed. R. Civ. P. 37(a)(1) and LCR 37(a)(1) are imposed for the benefit of

the Court and the parties. They are intended to ensure that parties have an inexpensive and

expeditious opportunity to resolve discovery disputes and that only genuine disagreements

are brought before the Court. In the circumstances presented here, compliance with the rules would not only have given plaintiffs an opportunity to explain how and why each of the discovery requests to which MIBBBC objected are relevant to the defamation claim, but would also have given MIBBBC a chance to identify the procedural and substantive problems with the motion, as discussed in subsequent correspondence and its opposition, prior to its filing. Pursuant to LCR 37(a)(1), the motion to compel is DENIED for failure to certify that a good faith conference was conducted.

## C. Relevance

Although the motion to compel is properly denied on the procedural grounds noted above, the merits of the motion are relevant to MIBBBC's request for sanctions. Plaintiffs seek to compel supplemental responses to all of the interrogatories contained in their first set of discovery requests.[2]

Interrogatory Nos. 1, 21, and 22 seek background information regarding MIBBBC, including when it was established, whether it has bylaws, how the bylaws are maintained, revised, and implemented, MIBBBC's yearly revenues, how revenues and donations are acquired, and how MIBBBC pays its legal fees. Plaintiffs argue that MIBBBC's objections to these interrogatories are the result of an overly narrow understanding of what is relevant to the defamation claim, Dkt. # 52 at 3, but they make no effort to explain how the information is related to the "who, what, where, and when of the allegedly defamatory

---

[2] Plaintiffs also seek to compel supplemental responses to their requests for documents. Because those requests are tied to the interrogatories, they are not separately discussed.

ORDER DENYING MOTION TO COMPEL AND
AWARDING SANCTIONS - 5

statements," Dkt. # 24 at 2. The information sought would not shed any light on whether someone at MIBBBC spoke to Eastside Traveling League youth basketball teams about plaintiff Elle Nguyen or advised them not to allow her children to join their teams.

Interrogatory No. 2 seeks information regarding the content of MIBBBC's bylaws, in particular whether and in what circumstance they authorize banning players. This interrogatory is aimed solely at the rightness or wrongness of the "decision(s) to exclude A.A. and G.A. from the [MIBBBC] basketball teams," a topic that was expressly declared out-of-bounds when the Court granted MIBBBC's motion for a protective order. Dkt. # 24 at 2.

Interrogatory Nos. 3 and 4 seek information regarding when "defendants," including Rebecca Robinson, Karen Friedman, and Kelly Coochise, began volunteering with MIBBBC, their reason for doing so, their duties, and whether they have ever been arrested, charged, or convicted of a crime. All claims against Ms. Robinson, Ms. Friedman, and Mr. Coochise were dismissed more than seventeen months ago because plaintiffs were unable to allege any facts suggesting that these individuals could be held liable under any of the theories asserted. *Nguyen v. MIBBBC*, No. 2:24-cv-00855-RSL, Dkt. # 48 (W.D. Wash. Dec. 6, 2023). To the extent these interrogatories are addressed to the individuals, plaintiffs have already been informed that, as non-parties, these witnesses are not subject to discovery mechanisms such as Fed. R. Civ. P. 33 and 34. Dkt. # 24 at 3. To the extent plaintiffs are requesting that MIBBBC provide the information about the non-party

ORDER DENYING MOTION TO COMPEL AND
AWARDING SANCTIONS - 6

witnesses, this background information, like that sought in Interrogatory No. 1, is not germane to the defamation claim.[3]

Interrogatory No. 5 seeks information regarding the existence and nature of any complaints MIBBBC has received regarding its operations. Subject to and without waiving its objections, MIBBBC responded that it has not received any defamation complaints other than that levied by plaintiffs. Dkt. # 56-1 at 8. Plaintiffs assert that limiting the response to only defamation claims is evasive and overly narrow. Dkt. # 52 at 3. Only a defamation claim is at issue in this litigation, however. Plaintiffs made no attempt to show how complaints related to other activities, much less all of MIBBBC's operations, would shed light on whether MIBBBC defamed them.

Interrogatory No. 6 seeks information regarding lawsuits in which MIBBBC has been involved. Subject to and without waiving its objections, MIBBBC responded that it has not been a party to any lawsuit except those initiated by plaintiffs. Dkt. # 56-1 at-9. Plaintiffs assert that this is an "incomplete response," Dkt. # 52 at 3, but it is not clear what information plaintiffs could reasonably expect regarding lawsuits that do not exist.

Interrogatory No. 7 seeks the identity of MIBBBC's insurer and its policy limits. In response, MIBBBC produced and referred to the insurance policy that was in force at the time of the alleged defamation. Dkt. # 56-1 at 9-10. Plaintiffs argue that the production of a document is "not responsive to the question." Dkt. # 52 at 3. Federal Rule of Civil

---

[3] MIBBBC answered Interrogatory No. 4 for itself, stating that it has never been arrested, charged, or convicted of any crime. Dkt. # 56-1 at 7.

ORDER DENYING MOTION TO COMPEL AND
AWARDING SANCTIONS - 7

Procedure 33(d) provides the party responding to an interrogatory the option of producing business records from which the answer can be determined as long as the records are specifically identified, the records are made available for examination, and the burden of ascertaining the answer is substantially the same for either party. MIBBBC's election of that option in response to Interrogatory No. 7 was appropriate.

Interrogatory Nos. 8-11, 16-19, and 23-25 seek information regarding how MIBBBC (or more particularly, Ms. Robinson) discovered the social media post that led to A.A. and G.A.'s termination from their teams, Ms. Robinson's reaction thereto, the process MIBBBC engaged in and the reasons for deciding that A.A. and G.A. would not be permitted to play basketball with an Eastside Traveling League team or to transfer to a neighboring club in or after October 2022, alternative sanctions available to MIBBBC, and the source of MIBBBC's authority to take a football matter into account in its decision-making. The Court expressly excluded these topics from the scope of discovery in this case, finding that they had no relevance to the defamation claim at issue. Dkt. # 24 at 2 ("There is no reason to, and plaintiffs may not, delve into the decision(s) to exclude A.A. and G.A. from the basketball teams, the events of August through October 2022, or the damages arising therefrom.").

Interrogatory Nos. 12 and 13 seek information regarding the tenure of MIBBBC's 5th grade basketball coach, Mason Azose, and whether he participated in a board meeting regarding A.A. and G.A. MIBBBC objected based in part on the fact that the information

relates solely to the dismissed claims. Plaintiffs do not explain what Mr. Azose or his actions have to do with their defamation claim.

Interrogatory No. 14 seeks information regarding the relationship between Marc Munson, a volunteer football coach for Mercer Island Boys and Girls Club, and MIBBBC. MIBBBC objected based in part on the fact that the information relates solely to the dismissed claims. Plaintiffs do not explain what Mr. Munson has to do with their defamation claim.

Interrogatory No. 15 seeks information regarding any conversations defendants had regarding plaintiffs or this lawsuit. MIBBBC objected that plaintiffs had exceeded the interrogatory limit imposed by Rule 33(a)(1), that the interrogatory was improperly addressed and lumped Ms. Robinson, Ms. Friedman, and Mr. Coochise in as "defendants," and that the interrogatory sought privileged communications. These objections are not well-taken or do not justify a complete refusal to respond. Had this motion been timely filed following a good faith effort to resolve the dispute without Court intervention, a response from MIBBBC identifying non-privileged communications would have been compelled.

Interrogatory No. 20 seeks information regarding the number of minorities selected to play on MIBBBC's teams for the 5th through 8th grades. MIBBBC objected based in part on the fact that the information relates solely to the dismissed claims. Plaintiffs assert that "motive and pattern may still be relevant," but do not offer any sort of analysis in

support. The racial or gender makeup of MIBBBC's teams has no apparent link to the "who, what, where, and when of the allegedly defamatory statements." Dkt. # 24 at 2.

### D. Sanctions

In granting MIBBBC's motion for protective order, the Court considered whether to award MIBBBC its reasonable attorney's fees and costs under Rule 37(a).[4] Although plaintiffs' positions in the discovery dispute were not reasonable or justified in three important respects, "other circumstances," namely plaintiffs' pro se status and the hope that they would comply with the governing rules of civil procedure and the Court's orders going forward, militated against an award of fees at that juncture. Plaintiffs were warned, however, that if they "continue to pursue irrelevant discovery regarding the dismissed claims [or] continue to identify or treat Ms. Robinson, Ms. Friedman, and/or Mr. Coochise as defendants . . . , the reasonable fees associated with this motion for protective order plus any additional fees incurred in curbing plaintiffs' conduct will be awarded." Dkt. # 24 at 5.

By filing this motion to compel answer to their first set of discovery requests, plaintiffs are pursuing discovery that is not only irrelevant to the remaining defamation claim, but that was also expressly prohibited by the Court's prior order. Plaintiffs did not merely seek a supplemental response to Interrogatory No. 15, the one interrogatory that might have revealed information regarding the who, what, where, and when of the allegedly defamatory statements. Instead, they filed this motion to compel supplemental

---

[4] In general, Rule 37(a) provides that the winning side in a discovery dispute is entitled to an award of the reasonable expenses incurred in filing or opposing the discovery motion unless (a) the motion or response was substantially justified or (b) other circumstances make an award of expenses unjust.

ORDER DENYING MOTION TO COMPEL AND
AWARDING SANCTIONS - 10

responses to all of the discovery requests, the vast majority of which were irrelevant to the

defamation claim, and almost half of which were squarely focused on the exclusion of

A.A. and G.A. from their basketball teams, the handling of their transfer requests, and the

other events of August through October 2022 that were expressly declared outside the

scope of permissible discovery in this matter.

Plaintiffs have once again taken an unreasonable and unjustified position in a

discovery dispute, violating various procedural rules and ignoring the Court's prior order.

An award of the fees MIBBBC incurred in defending this motion to compel and in

obtaining the prior protective order is warranted under Rule 37(a). MIBBBC shall, within

fourteen days of the date of this Order, provide a petition for and evidence of its reasonable

attorney's fees and costs. The fee petition shall be noted on the Court's calendar for

twenty-one days after filing. Plaintiffs may file a response no later than fifteen days after

the date the petition is filed. *See* LCR 7(d)(3).

**CONCLUSION**

For all of the foregoing reasons, plaintiffs' motion to compel (Dkt. # 52) is

DENIED. MIBBBC's request for an award of fees is GRANTED.

DATED this 28th day of May, 2025.

_____
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO COMPEL AND
AWARDING SANCTIONS - 11