UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELLE NGUYEN, *et al.*,<br><br>                    Plaintiffs,<br><br>       v.<br><br>MERCER ISLAND BOYS BASKETBALL BOOSTER CLUB,<br><br>                    Defendant. | CASE NO. 2:24-cv-01990-RSL<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on "Defendant MIBBBC's Motion for Summary Judgment." Dkt. # 38. Plaintiffs allege that MIBBBC defamed them at some point between the fall of 2022 and November 2023, when an Issaquah Basketball Booster Club coach allegedly told plaintiff Elle Nguyen that MIBBBC was bad-mouthing Ms. Nguyen and advising Eastside Traveling League youth basketball teams not to allow A.A. and G.A., her children, to participate on their teams. MIBBBC argues that there is no admissible evidence of the allegedly defamatory statements and requests that the matter be dismissed.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would

preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." *Colony Cove Props., LLC v. City of Carson*, 888 F.3d 445, 450 (9th Cir. 2018). Although the Court must reserve for the trier of fact genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment. *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *S. Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 925 (9th Cir. 2014). In other words, summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable fact finder could return a verdict in its favor. *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1071 (9th Cir. 2019).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties[1] and taking the evidence in the light most favorable to plaintiffs, the Court finds as follows:

An essential element of a defamation claim is a false and defamatory statement. *See, e.g., Mark v. Seattle Times*, 96 Wn.2d 473, 486 (1981). In order to be considered defamatory, a statement must be a statement of fact that tends "to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Right-Price Recreation, LLC v. Connells Prairie Cmty. Council*, 146 Wn.2d 370, 382 (2002).

Plaintiffs assert that MIBBBC "disseminated false, misleading, and disparaging statements about [Ms. Nguyen] to other community-based youth basketball organizations" . . . and "decided to circulate false and damaging claims about [Ms. Nguyen's] character and conduct." Dkt. # 57 at 2-3. At her deposition, Ms. Nguyen testified that Cornelius Bomet, a coach with the Issaquah Basketball Booster Club, "pretty much said that

---

[1] The Court has considered the exhibits plaintiffs submitted on May 7, 2025 (Dkt. # 64), despite the fact that they were filed after MIBBBC had filed its reply memorandum and were not authorized by the local civil rules of procedure or by court order. MIBBBC's motion to strike the exhibits (Dkt. # 65) is DENIED.

Plaintiffs' objections to the protective order limiting the depositions of Rebecca Robinson, Karen Friedman, and Kelly Coochise to thirty minutes each and the denial of plaintiffs' request to reopen discovery are overruled for the reasons stated in those orders. *See* Dkt. # 22, 34, 44, and 48.

Plaintiffs' objection to MIBBBC's use of Ms. Nguyen's deposition testimony is overruled. Ms. Nguyen does not assert, and there is no evidence to suggest, that she requested "before the deposition [was] completed" that she be permitted 30 days in which to review and correct the transcript. Fed. R. Civ. P. 30(e)(1).

ORDER GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT - 3

[MIBBBC] is going around telling every team not to allow your boys to be on their team and he quoted, because the mom is crazy." Dkt. # 39 at 10. According to Ms. Nguyen, Mr. Bomet reported that he heard about the defamatory statements from his colleague, Jim Issy/Jim Jones (hereinafter, Mr. Jones), [2] and that MIBBBC had sent defamatory emails to all of the Eastside Traveling League teams. Dkt. # 39 at 10.

There is no direct and admissible evidence that MIBBBC made false and defamatory statements. MIBBBC and three of its volunteer board members deny making any defamatory statements to the Eastside Traveling League teams regarding plaintiffs. Mr. Jones denies hearing or reporting anything like what Mr. Bomet told Ms. Nguyen. Plaintiffs were unable to obtain, and have not produced, a copy of the emails that were allegedly circulated by MIBBBC. Nor have plaintiffs produced a declaration from or the testimony of anyone who heard an MIBBBC representative make a defamatory statement regarding plaintiffs. Mr. Bomet, the person who reported the alleged statements to plaintiffs, has apparently refused to provide a declaration. Instead, plaintiffs offer Ms. Nguyen's testimony regarding what Mr. Bomet told her in November 2023 and screen shots of text messages with a person identifying himself as "BO" wherein the person states "Mercer Island is trying to damage your new relationships." Dkt. # 39 at 22. When Ms. Nguyen pressed "BO" regarding the defamatory comments he said were reported by Mr.

---

[2] Ms. Nguyen identified the president of the Issaquah Select Boys Basketball Booster club as Jim Issy during her deposition, while MIBBBC says the person in that position has the name of Jim Jones.

ORDER GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT - 4

Jones, "BO" stated that he didn't know any details or he failed to answer. Dkt. # 39 at 25-26 and 44.

Neither Mr. Bomet's nor Mr. Jones' out-of-court statements can be admitted at trial to prove the truth of the matters asserted, *i.e.*, that MIBBBC or one of its representatives told Eastside Traveling League teams that Ms. Nguyen was disruptive and that they should not let her children play on their teams. Fed. R. Ev. 801 and 802. The hearsay rule is designed to protect the reliability of the evidence on which judicial decisions are made. While the credibility of Ms. Nguyen's testimony regarding what Mr. Bomet told her may not raise a hearsay concern, whether Mr. Bomet was truthfully reporting what Mr. Jones said to him, was lying about the conversation, or simply misunderstood Mr. Jones' statements cannot be evaluated by the fact finder because Mr. Bomet is not properly before the Court.[3] The only admissible evidence on this issue in the record is from Mr. Jones, who states under penalty of perjury that the conversation reported by Mr. Bomet did not happen.[4]

---

[3] Plaintiffs argue that any evidentiary problems with the out-of-court statements of Mr. Bomet and Mr. Jones can be remedied at trial by subpoenaing them to testify. A motion for summary judgment is designed to test the sufficiency of the evidence before a case advances to trial, however. When MIBBBC pointed out that plaintiffs had no admissible evidence of false or defamatory statements, plaintiffs had the burden of coming forward with supporting evidence, not merely the promise that they would be able to come forward with evidence at trial, if they wanted to avoid entry of summary judgment in MIBBBC's favor.

[4] Plaintiffs also argue that summary judgment should be denied because MIBBBC impeded the discovery process when it failed to make Chad Conklin available for deposition and refused to accept service for three Eastside Traveling League witnesses. The deposition subpoenas provided were served weeks after discovery closed. Dkt. # 57-1 and # 57-2. The fact that the Court gave plaintiffs additional time in which to complete the depositions of three MIBBBC witnesses who had been served prior to the close of discovery (and who were the subject of MIBBBC's motion for protective order), Dkt. # 22 at 4, in no way invited or allowed the initiation of subsequent, untimely discovery.

ORDER GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT - 5

Plaintiffs argues that, even if the out-of-court statements on which they rely are inadmissible, there is sufficient circumstantial evidence from which the fact finder could reasonably conclude that MIBBBC made false and defamatory statements regarding plaintiffs. Plaintiffs claim that "communications, behavioral patterns, exclusionary practices, and third-party accounts," when considered together, create a triable issue of fact regarding the existence of the alleged false and defamatory statements. Dkt. # 57 at 3-4. Plaintiffs make reference to the following facts as circumstantial evidence that MIBBBC defamed them:

- Mr. Bomet has refused to confirm or testify regarding his conversation with Mr. Jones, evidencing fear of reprisals;
- Mr. Bomet had no motivation to lie in November 2023 when he told Ms. Nguyen what Mr. Jones said;
- Mr. Jones' declaration is inconsistent with his prior statements as disclosed by Mr. Bomet in November 2023;
- an individual named "Chase" reported that "there seems to be other politics involved [w]hich are above my pay grade" when attempting to get information regarding plaintiffs' participation in the Eastside Traveling League (Dkt. # 57-4);
- MIBBBC's objections to plaintiffs' discovery efforts show consciousness of wrongdoing;
- MIBBBC refused to correct its false statements;

ORDER GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT - 6

- representatives of the Redmond Eastside Traveling League team refused to respond when Ms. Nguyen asked them about the alleged defamatory statements; and
- there are testimonial inconsistencies between Mr. Jones' declaration and what Mr. Bomet told Ms. Nguyen that cannot be resolved by the Court on a motion for summary judgment.

Many of these assertions presuppose the existence of false and defamatory statements, a number of them would nullify the hearsay rule if adopted, and none of them, taken individually or collectively, could support a finding that MIBBBC made defamatory statements regarding plaintiffs without resort to speculation and conjecture.

Finally, plaintiffs argue that the credibility of MIBBBC's declarants cannot be presumed and must be tested at trial. MIBBBC sought summary judgment on the ground that there is no admissible evidence that anyone from MIBBBC made defamatory comments to the Eastside Traveling League teams. The burden then shifted to plaintiffs to show that there is a genuine (not merely a speculative) issue of disputed fact, meaning that there is evidence in the record from which a reasonable jury could find that defamatory statements were actually made. They have not met their burden, instead offering nothing but inadmissible hearsay and guesses in support of their claim. That MIBBBC offered affirmative evidence tending to disprove plaintiffs' allegation of defamatory comments does not in any way create a triable issue of fact regarding that crucial element of plaintiffs' claim.

For all of the foregoing reasons, the Court finds plaintiffs have failed to provide or identify evidence from which a reasonable jury could conclude that MIBBBC had made false and defamatory statements regarding plaintiffs. MIBBBC's motion for summary judgment is therefore GRANTED. Judgment will be entered after the Court resolves the outstanding sanctions issue. *See* Dkt. # 69.

DATED this 28th day of May, 2025.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT - 8